UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JESUS S TORRES | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 5-10-17 |
| | § | CRIMINAL ACTION NO. 5-08-1378-2 |
| UNITED STATES OF AMERICA | § | |

## OPINION AND ORDER

Pending before the Court is Jesus S. Torres' ("Torres") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody. [Dkt. No. 1].[1] After careful consideration of the motion, the facts of the case, the governing law, and the evidence presented to the Court in an evidentiary hearing, the Court finds that Torres timely requested an appeal and thus is now entitled to an out-of-time appeal.

### I.  BACKGROUND AND PROCEDURAL HISTORY

On August 19, 2008, Torres was charged by a grand jury in Laredo, Texas, in a two-count indictment, alleging that on or about July 22, 2008, Torres:

[1]   did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jurors to knowingly and intentionally possess with intent to distribute a . . . quantity in excess of 5 kilograms of cocaine, a Schedule II controlled substance.

[2]   did knowingly and intentionally possess with intent to distribute a . . . quantity in excess of 5 kilograms of cocaine, a Schedule II controlled substance.

[Cr. Dkt. No. 20]. On October 14, 2008, Torres appeared before this Court for re-arraignment to

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." or "Dkt. Nos." (plural) will be used to refer to filings in civil case 5:10-cv-17, "Cr. Dkt. No." or "Cr. Dkt. Nos." (plural) will be used to refer to filings in criminal case 5:08-cr-1378-2.

plead guilty to Count Two of the indictment. As part of his plea agreement Torres waived his right to appeal or collaterally attack his sentence. On January 22, 2009, this Court sentenced Torres to 168 months imprisonment for Count Two of the indictment. [Minute Entry for 1/22/2009]; [Cr. Dkt. No. 49]. Judgment was entered on January 30, 2009. [Cr. Dkt. No. 49]. No appeal was filed.

On February 23, 2010, Torres filed a motion challenging his conviction and imprisonment under 28 U.S.C. § 2255. [Dkt. No. 1]. In that motion Torres alleged, among other things, that he was entitled to relief because his counsel had been ineffective by not filing a notice of appeal when Torres had asked his counsel to appeal his case. [Dkt. No. 1 at 4]. On October 21, 2010, this Court issued a Memorandum and Order ordering the government to respond to Torres' claim that his attorney failed to file an appeal when Torres had requested an appeal, and dismissing the remainder of the claims in Torres' motion. [Dkt. No. 2]. Following the government's response, this Court determined that Torres was entitled to an evidentiary hearing wherein the Court would hear evidence and assess the credibility of the parties in an effort to determine whether Torres had requested that his attorney appeal his case. [Dkt. No. 5].

## II.     DISCUSSION

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, a constitutional claim permitted under 28 U.S.C. § 2255. To prevail on a claim of ineffective assistance of counsel, Petitioner must show (1) that counsel's performance fell below

an objective standard of reasonableness, and (2) that Petitioner suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In assessing a constitutional deficiency, a court indulges a strong presumption that counsel's conduct fell within the wide range of reasonable assistance.  *Id.* at 689.  "Prejudice" requires that the petitioner show a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different.  *Id.* at 694.  A "reasonable probability" is a probability which undermines confidence in the outcome.  *Id.*  Finally, the same principles of effectiveness apply to habeas proceedings, with the proviso that "the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment."  *Id.*

An attorney's failure to file a notice of appeal when requested by a defendant is *per se* ineffective assistance of counsel, even absent a showing of the prospective appeal's potential merit.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Under the first prong of *Strickland*, an attorney who knows that the defendant wishes to appeal must perform the ministerial task of filing the notice of appeal, or his performance will be deemed objectively unreasonable.  *Id.* More broadly, any act which effectively denies the defendant his right to appeal altogether will be deemed equally unreasonable.  *Id.* at 483.  Under the second *Strickland* prong, the defendant shows prejudice if he "demonstrate[s] that there is a reasonable probability that, but for counsel's deficient failure to consult with him on appeal, he would have timely appealed."  *Id.* at 484.  This rule applies even where a defendant (as here) has waived his right to direct appeal and collateral review.  *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); [Cr. Dkt. No. 35].  "[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that

would not be precluded by the terms of his appeal waiver." *Id.*

Because Torres avers that his attorney thwarted his efforts to appeal, he has alleged both unreasonable performance and prejudice as required under *Strickland*. *See Flores-Ortega*, 528 U.S. at 483-86; *Tapp*, 491 F.3d at 265-66. If Torres is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and Torres will be entitled to file an out-of-time appeal. *Id.* Thus, the Court ordered an evidentiary hearing ("the hearing") to be held for the limited purpose of determining whether Torres had requested that his attorney, Marc Gonzalez ("Gonzalez"), file a notice of appeal. [Dkt. No. 5].

That hearing was held on January 31, 2011. [Digital Recording of January 31, 2011 Evidentiary Hearing ("Rec. Hear.") at 2:55-4:12]. Torres was the first to testify at the hearing. Torres testified that, in a conversation with Gonzalez immediately following Torres' sentencing in this Court, he told Gonzalez that he wanted to appeal his case. [Rec. Hear. 3:00:20- 3:01:20]. Torres further testified that Gonzalez told him that he could not appeal his case because Torres had already received a one point reduction in the calculation of his sentence for agreeing to not appeal. [*Id.*]. Torres testified that he was adamant that he wanted to appeal his case. [Rec. Hear. 3:01:04- 3:01:18; 3:03:19- 3:03:29]. Torres also testified that, had he known how to appeal his case himself, he would have filed his own appeal. [Rec. Hear. 3:01:18- 3:02:26].

Next, the Court heard from Gonzalez. [Rec. Hear. 3:40:15]. Gonzalez confirmed that he did in fact have a conversation with Torres regarding appeal immediately following Torres' sentencing. [Rec. Hear. 3:49:11- 3:50:26]. According to Gonzalez, in that conversation Torres told Gonzalez "that he (Torres) had wanted to appeal the case." [Rec. Hear. 4:02:28- 4:02:43]. Gonzalez then discussed with Torres the difficulty of an appeal. [Rec. Hear. 3:49:30- 3:49:46; *see also* Rec. Hear. 3:50:53- 3:51:15 *and* 4:01:26- 4:02:03]. Gonzalez testified that Torres

responded by stating that he might secure another attorney to pursue the appeal. [Rec. Hear. 3:49:44; *see also* Rec. Hear. 4:02:45- 4:02:50]. Nonetheless, Gonzalez advised Torres that, even if Torres secured another attorney to actually appeal Torres' case, "I (Gonzalez) told him that I could still, at the very least, file it (the notice of appeal) for him." [Rec. Hear. 4:02:38- 4:02:54; *see also* Rec. Hear. 3:49:45- 3:50:05]. Gonzalez then testified that that ended their conversation and that he never followed up with Torres about filing the notice of appeal. [Rec. Hear. 4:03:08- 4:03:20].

Judging from the evidence presented in the hearing, the Court finds that the conversation that both Torres and Gonzalez testified to following Torres' sentencing was sufficient to cause Gonzalez to either file the notice of appeal or, at the very least, to discuss the matter further with Torres. Following Gonzalez' conversation with Torres, it should have been clear to Gonzalez that Torres wanted to appeal his case; that, because Gonzalez expressed concerns regarding an appeal, the only issue for Torres was whether Torres would secure another attorney for the appeal, or continue with Gonzalez. At no time did Torres retract or equivocate on his desire to appeal. Thus, Gonzalez had a responsibility to timely file the notice of appeal for Torres or, at the very least, to determine whether another attorney would do so. Because this Court finds that Torres has demonstrated that he requested an appeal and because Gonzalez did not file a notice of appeal for Torres, or otherwise fulfill his obligation to ensure an appeal was filed, Torres is entitled to an out-of-time appeal. *Flores-Ortega*, 528 U.S. at 483-86; *Tapp*, 491 F.3d at 265-66.

### III.  CONCLUSION

The Court hereby **ORDERS** the Clerk of the Court to **VACATE** the Court's judgment signed January 29, 2009.  Such judgment shall then be **REINSTATED**.  Torres shall have 14 days from the entry of the amended judgment to file a notice of appeal.  Further, Torres' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED** without prejudice.

IT IS SO ORDERED.

Done this 4th day of April, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE